UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO GONZALEZ, | No. 2:24-cv-00810-KJM-AC |
| Petitioner, | |
| v. | ORDER AND |
| ROB ST. ANDRE, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the pending § 2254 application on the basis that it contains unexhausted claims for relief. ECF No. 13. In opposition, petitioner requests a stay and abeyance in order to properly exhaust some of his claims in state court. For the reasons discussed below, the undersigned recommends granting respondent's motion to dismiss and that petitioner's request for a Rhines[1] stay be denied. The court further recommends that petitioner be sua sponte granted a Kelly[2] stay.

////

////

---

[1] See Rhines v. Weber, 544 U.S. 269 (2005) (hereinafter referred to as "Rhines").
[2] See Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (hereinafter referred to as "Kelly").

1

I.      Motion for the Appointment of Counsel

As an initial matter, a review of the docket indicates that petitioner has also filed a motion for the appointment of counsel. ECF No. 21. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Therefore, petitioner's motion is denied.

II.     Factual and Procedural History

Following a jury trial in the Solano County Superior Court, petitioner was convicted of first degree murder. ECF No. 1. The jury also found firearm and gang enhancements to be true. On July 13, 2021, petitioner was sentenced to 65 years to life in prison.

On direct review, the California Court of Appeal vacated petitioner's gang enhancement, but otherwise affirmed the judgment. ECF No. 13-1. The California Supreme Court denied a petition for review on February 22, 2023. See ECF No. 13-3.

To date, petitioner has not filed any habeas corpus petitions in state court.

On January 28, 2024, petitioner filed the instant § 2254 application raising five claims for relief.[3] ECF No. 1. Petitioner first asserts that he was denied the effective assistance of counsel at trial and on appeal.[4] Specifically, petitioner contends that his trial lawyer failed to object to the prosecutor's leading question to a witness and that his appellate counsel did not raise this issue on appeal. In his next claim, petitioner alleges that the trial court failed to instruct the jury on imperfect self-defense. According to petitioner, there would have been sufficient evidence supporting this jury instruction if his trial lawyer had not provided ineffective assistance. Petitioner also challenges the trial court's denial of a mid-trial continuance by the defense in order

---

[3] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule).

[4] These two separate claims are identified in the § 2254 petition as claims 1(a) and 1(b). Respondent refers to these claims in the same manner. See ECF No. 13 at 3, n. 2. For clarity's sake, the court utilizes these same labels when referring to petitioner's ineffective assistance of counsel claims.

2

to obtain the testimony of a properly subpoenaed witness. Lastly, petitioner contends that his murder conviction should be reversed because the trial court failed to bifurcate the gang enhancement as required by a recent change to California Penal Code § 1109 that was made retroactively applicable to his conviction.

### III. Motion to Dismiss

In a motion to dismiss filed on April 30, 2024, respondent asserts that the ineffective assistance of counsel claims and the jury instruction claim are unexhausted because they were not presented on direct review or in any state habeas petition. ECF No. 13. Furthermore, respondent contends that claim three is not properly exhausted because petitioner did not present it as a federal constitutional violation on direct appeal in state court. ECF No. 13. As a result of the mixed nature of petitioner's § 2254 application, respondent requests that the court dismiss these four unexhausted claims. ECF No. 13 at 4.

In his opposition, petitioner requests a stay of the instant proceedings pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005), in order to return to state court to properly exhaust his four claims. ECF No. 20 at 3. According to petitioner, "[t]he cause for not bringing unexhausted claims to state courts was not due to ignorance of the law, but by being misled through trial and appellate counsel stating to be willing to… bring… critical material evidence to light throughout trial… and appeals…." ECF No. 20 at 3. In support of this argument, petitioner restates his ineffective assistance of counsel claims presented in ground 1(a) and (b) of the § 2254 petition. ECF No. 20 at 3-4.

By way of reply, respondent points out that petitioner does not dispute that four of his claims are unexhausted. ECF No. 22. Respondent opposes the request for a Rhines stay because petitioner's allegations of ineffective assistance of counsel are bald, unsupported assertions that do not entitle him to a stay pursuant to Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). ECF No. 22. Furthermore, respondent argues that petitioner has not been diligent as required by Rhines because he has not made any effort in the nearly two years since his direct appeal was concluded to exhaust his claim via a state habeas petition.

////

IV.     Legal Standards

   A.  Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

   B.  Stay and Abeyance

The court may stay a mixed federal habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See Rhines v. Weber, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay and abeyance procedure to wholly unexhausted petitions). If petitioner fails to establish any of these three factors, then a Rhines stay is not appropriate.

In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005). The legal standard for cause to excuse a procedurally defaulted claim boils down to objective factors external to the prisoner. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

A second type of a stay is referred to as a "Kelly" stay. Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires a prisoner to file multiple amended federal habeas petitions, but it does not require petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles."); see also 28 U.S.C. § 2244(d)(1) (stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

V. Analysis

After reviewing petitioner's filings in state court, the undersigned concludes that petitioner has not properly exhausted four of the claims for relief presented in his § 2254 application. Although the challenge to the denial of a mid-trial continuance was raised on direct appeal, it was not presented as a federal constitutional claim in the petition for review in the California Supreme Court. See ECF No. 13-2 at 11-14 (raising state law challenge). Indeed, petitioner does not contend that any of these four claims have been properly exhausted in state court. The only properly exhausted claim in the pending § 2254 petition is the last claim, challenging the trial court's failure to bifurcate the gang enhancement. Accordingly, the pending habeas petition contains both exhausted and unexhausted claims for relief, rendering it a mixed petition. Unless petitioner can establish that he is entitled to a stay of this action pursuant to
////

1  Rhines, respondent's motion to dismiss the mixed § 2254 petition should be granted.  See Rose v.
2  Lundy, 455 U.S. 509, 822 (1982) (establishing the total exhaustion rule).
3       In support of his request for a Rhines stay, petitioner asserts that he was misled by his trial
4  and appellate lawyers since they did not provide him with reasonably competent assistance.
5  Essentially, petitioner recapitulates the merits of two of the unexhausted claims themselves as a
6  basis to excuse his lack of exhaustion for all four of the claims.  However, this does not explain
7  why petitioner has not presented these claims in any state court proceeding since the conclusion
8  of his direct appeal.  Petitioner was aware of trial counsel's alleged deficient performance during
9  or shortly after his trial, and there is no indication on this record that petitioner was not provided a
10 copy of his appellate briefs.  As a result, the undersigned finds that petitioner's ineffective
11 assistance of counsel claims do not satisfy the good cause requirement of Rhines.  See Bucci v.
12 Busby, 2012 WL 868982, at *10, 2012 U.S. Dist. LEXIS 33586 (E.D. Cal. March 13, 2012);
13 Smith v. Horel, 2008 WL 2038855, at *5, 2008 U.S. Dist. LEXIS 38194 (C.D. Cal. May 8, 2008)
14 (finding no good cause for petitioner's failure to exhaust a claim where "[t]rial counsel's alleged
15 deficient performance was known or should have been known to Petitioner during or shortly after
16 his trial.").  For the foregoing reasons, the undersigned finds petitioner has failed to set forth a
17 reasonable excuse, supported by sufficient evidence, to demonstrate good cause for his failure to
18 exhaust claims 1(a) and (b), 2 and 3.  See Blake, 745 F.3d at 982 ("An assertion of good cause
19 without evidentiary support will not typically amount to a reasonable excuse justifying a
20 petitioner's failure to exhaust.").[5]  Therefore, the undersigned recommends denying petitioner's
21 request for a stay pursuant to Rhines and granting respondent's motion to dismiss the mixed §
22 2254 application.
23       The stay and abeyance procedure that remains available to petitioner is that outlined in
24 Kelly v. Small, 564 F.3d 1133 (9th Cir. 2009).  Since petitioner is proceeding without a lawyer,

---

[5] In the interests of judicial economy, the court finds that there is no need to address whether the unexhausted claims have merit or whether petitioner engaged in intentionally dilatory litigation tactics.  See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (finding it unnecessary to reach the last two factors in the Rhines test where the district court did not abuse its discretion in concluding that appellant lacked good cause for his failure to exhaust).

the court chooses to sua sponte consider whether a Kelly stay is appropriate in this case.[6] Petitioner does not need to demonstrate "good cause" for his lack of exhaustion to be entitled to a Kelly stay. For these reasons, the court recommends that a Kelly stay be issued in this case.[7]

VI.   Plain Language Summary for Party Proceeding Without a Lawyer

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The magistrate judge is recommending that respondent's motion to dismiss be granted, because your habeas petition contains unexhausted claims for relief. The court further recommends that your request for a Rhines stay be denied, but that you be granted a Kelly stay instead. A Kelly stay is a three step process. **First, you need to file a First Amended § 2254 petition containing only claim four. Second, the court will issue a stay of this amended § 2254 while you return to state court to exhaust claims 1(a) and (b), 2, and 3. Third, once state court remedies are exhausted, you must file a motion to lift the stay of this case along with a Second Amended § 2254 petition that includes all five claims for relief.**

This recommendation is *not* a decision that your claims have potential merit, or that they will be timely and can be considered by the federal court following exhaustion.

If you disagree with any of these recommendations, you have 21 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's

---

[6] The court recognizes that it is not required to sua sponte consider a Kelly stay. See Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007) (recognizing that "a district court is not required to consider, sua sponte, whether it should stay and abey a mixed habeas petition.").

[7] The court emphasizes that a Kelly stay does not guarantee federal review on the merits of claims 1(a) and (b), 2, and 3 following exhaustion in state court. The one-year statute of limitations applicable to all claims has not been tolled during the pendency of this federal action. See 28 U.S.C. § 2244(d); Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); Mayle v. Felix, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims). Nothing in this order precludes petitioner from returning to state court while the motion to dismiss is pending. Should the state court issue a ruling on currently unexhausted constitutional claim(s) while this federal habeas case is pending, petitioner should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

Findings and Recommendations." The district court judge assigned to your case will review any objections and make the final decision in your case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (ECF No. 21) is denied without prejudice to renewal.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted.

2. Petitioner's request for a Rhines stay (ECF No. 20) be denied, but the court issue a Kelly stay of these proceedings.

3. Petitioner be directed to file a first amended § 2254 petition within 30 days from the adoption of these Findings and Recommendations which deletes unexhausted claims 1(a) and (b), 2, and 3 of his original § 2254 petition.

4. The Clerk of Court be directed to administratively stay these proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), once petitioner files the first amended § 2254 petition.

5. Petitioner be further directed to file a status report with the court every 90 days indicating what step(s) he has taken to exhaust his claims in state court.

6. Petitioner be ordered to file a motion to lift the stay of this case within 30 days from the date the California Supreme Court issues an opinion on any state habeas petition.

7. At the same time that petitioner files a motion to lift the stay, petitioner be further directed to file a Second Amended § 2254 petition that contains all his claims for relief, including those recently exhausted in state court (i.e., claims 1(a) and (b), 2-4).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE