UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ALBERTO GONZALEZ,

Petitioner,

v.

STEVEN SMITH,

Respondent.

No. 2:24-cv-0810 DC AC P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the court on respondent's motion to dismiss the Second Amended Petition on grounds that claims One through Three are untimely. ECF No. 37. Petitioner has opposed the motion, ECF No. 40, and respondent filed a reply, ECF No. 41. For the reasons that follow, the undersigned recommends that the motion be granted.

I. Factual and Procedural History

Following a jury trial in the Solano County Superior Court, petitioner was convicted of first degree murder. The jury also found firearm and gang enhancements to be true. On July 13, 2021, petitioner was sentenced to 65 years to life in prison.

On direct review, the California Court of Appeal vacated petitioner's gang enhancement, but otherwise affirmed the judgment. ECF No. 13-1. The California Supreme Court denied a petition for review on February 22, 2023. See ECF No. 13-3.

On January 28, 2024, petitioner filed his initial § 2254 application in this court.[1] ECF No. 1. Claim 1(a) alleged ineffective assistance of trial counsel, and Claim 1(b) alleged ineffective assistance of appellate counsel. Claim 2 challenged the trial court's failure to instruct the jury on self-defense and imperfect self-defense. Claim 3 challenged the denial of a mid-trial defense request for a continuance to obtain the testimony of a properly subpoenaed witness. Claim 4 contended that petitioner's murder conviction should be reversed because the trial court failed to bifurcate the gang enhancement as required by a change to California Penal Code § 1109 that was made retroactively applicable to his conviction. ECF No. 1. Respondent moved to dismiss on grounds that only the last claim was exhausted. ECF No. 13. Petitioner opposed dismissal and requested a stay pending further exhaustion under Rhines v. Weber, 544 U.S. 269, 276 (2005). ECF No. 20. By order filed January 10, 2025, the court granted the motion to dismiss, denied a stay under Rhines, and stayed the case under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). ECF No. 27. Petitioner was informed that unlike a Rhines stay, a Kelly stay does not preserve the original federal filing date of claims. ECF No. 23 (Findings and Recommendation) at 5, 7 n.7.

Petitioner filed an amended petition containing his exhausted claim only, ECF No. 28, and proceedings were held in abeyance. Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court that is dated May 1, 2025, and was filed by the court on May 27, 2025. ECF No. 37-1 at 1, 9. That petition presented the previously unexhausted claims that had been dismissed from the federal petition. The California Supreme Court denied the petition on July 16, 2025. ECF No. 37-2.

The stay of this case was lifted on August 26, 20205, and on September 1, 2025, petitioner filed a Second Amended Petition which restored the newly exhausted claims. ECF Nos. 33, 34.[2] Respondent now moves for dismissal of the restored claims as time barred. ECF No. 37.

## II. Applicable Legal Standards

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule). The petition was docketed on February 8, 2024. ECF No.1.

[2] See Houston, supra. The amended petition was docketed on September 18, 2025.

limitations for filing a habeas petition in federal court. The one-year clock is generally triggered by the finality of conviction upon "conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[3] The limitations period is statutorily tolled during the time that a "properly filed" application for state post-conviction review is pending in state court. § 2244(d)(2); see Artuz v. Bennett, 531 U.S. 4, 8 (2000). The filing of a federal petition does not toll the running of the limitations period. Duncan v. Walker, 533 U.S. 167, 172-75 (2001). Once the period has expired, it is not revived by the filing of a state application for post-conviction review. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Under Kelly v. Small, supra, a mixed federal petition (one containing both exhausted and unexhausted claims[4]) may be stayed to permit exhaustion of its unexhausted claims. A Kelly stay involves three steps: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and restores the newly exhausted claims. Kelly, 315 F.3d 1063. A Kelly stay does not preserve the original federal filing date of the claims, so post-exhaustion amendment is permitted only if the claims are timely at the time of that amendment. King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).

In determining the timeliness of newly exhausted claims, the court applies the "relation back" standards developed under Federal Rule of Civil Procedure 15(c). Mayle v. Felix, 545 U.S. 644, 659 (2005) (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims). Relation back requires a "common core of operative facts" with timely claims in the stayed, previously exhausted petition. King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 659). A new claim will not be found to "'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" Id. (quoting Mayle, 545 U.S. at 662-64). Further, a claim does not relate back if "it

---

[3] The alternative "trigger dates" at § 2244(d)(B)-(D) are not applicable here.

[4] Petitioners are required to exhaust state court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

III. Analysis

Petitioner's conviction became final on May 23, 2023, upon expiration of the time to seek certiorari from the California Supreme Court's denial of review. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The statute of limitations accordingly began running the next day. The initial petition was timely because filed within one year of finality, but the limitations period for additional claims expired on May 23, 2024, because no state court petition was "properly filed" before that date[5] and the federal petition itself had no effect on the running of the limitations period as to unexhausted claims.[6] As plaintiff was warned would be the case, his previously dismissed and newly exhausted claims are timely only if they "relate back" to his one undisputedly timely and initially exhausted claim. See King, 564 F.3d at 1141.

That claim is Claim Four, which alleges constitutional error in the trial court's failure to bifurcate the gang charges against petitioner. ECF No. 1 (initial petition) at 13; ECF No. 28 (first amended petition) at 3; ECF No. 34 (second amended petition) at 14. To relate back to this claim, Claims One through Three must share a common core of operative fact with the trial court's failure to bifurcate. Mayle, 545 U.S. at 659.

In Claim One, petitioner presents two subclaims alleging ineffective assistance of counsel. He alleges that trial counsel was ineffective in failing to object to a leading question asked of a witness, and failing to ensure an evidentiary foundation for jury instructions on a lesser included offense, self-defense, and/or imperfect self-defense. ECF No. 34 at 3, 8-10. He alleges that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness. Id. at 11. Claim Two alleges that petitioner's rights were violated by the trial court's failure to instruct the jury on imperfect self-defense. Id. at 12. Claim Three alleges that the trial court erred in denying a mid-trial continuance to obtain the appearance of a witness. Id. at 13.

Petitioner argues in essence that all of his claims share a common core of operative fact

[5] Accordingly, statutory tolling is inapplicable here.

[6] See Duncan v. Walker, supra.

because all are related to the same trial, in which his rights were systematically violated. See ECF No. 40 at 6-7. However, relation back is not established by the fact that all claims challenge things that happened at petitioner's trial. See King, 564 F.3d at 1141; Mayle, 545 U.S. at 664. Neither is relation back supported by the theory that petitioner's claims are of a "common type" because all are based on violation of constitutional rights. All federal habeas claims, by definition, involve alleged violations of constitutional rights. Petitioner's theory would undermine the statute of limitations in precisely the way Mayle prohibits. See Mayle, 545 U.S. at 662-663, 664.

In Mayle, the U.S. Supreme Court noted that relation back has been appropriately found where the new claim is based on the same facts as the original pleading and changes only the legal theory; this has included cases in which both the original and new habeas claims involved suppression of evidence obtained at the same time by the same police department, and where both original and new claims involved the same recanted statements used against petitioner at trial. See id. at 664 n.7. The present case is not analogous. Claims One, Two and Three are based on factual predicates which are clearly distinct from the trial court's handling of the gang charges. Indeed, none of the other claims involve the gang charges at all.

Following Mayle, the Ninth Circuit has found relation back inapplicable where new claims had much more of a relationship to original claims than in the present case, but nonetheless arose from a distinct transaction or occurrence within the context of the trial. See e.g., Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (trial court's denial of motion did not share common core of operative facts with claims regarding trial counsel's failure to timely file said motion, because one claim was based on the trial court's alleged error, while the other was based on trial counsel's alleged failures); Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that a claim related to evidence admitted at trial and a claim related to jury instructions after the close of evidence "depend[ed] upon separate transactions and [did] not share a common core of operative fact"). This court is bound to follow these precedents.

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time

and type from those" supporting a previous timely and exhausted pleading. Mayle, 545 U.S. at 650. Because Claims One, Two and Three are supported by facts that "differ in both time and type" from the facts supporting Claim Four, they do not relate back and must be dismissed as untimely.

CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 37) be GRANTED, the Second Amended Petition (ECF No. 34) be DISMISSED, and that respondent be directed to file a substantive response to the First Amended Petition (ECF No. 28).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE